O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO ADVISORS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL W. LOPEZ,<br><br>　　　　Defendants. | Case No. EDCV 11-01086 VAP (DTBx)<br><br>**ORDER CONFIRMING ARBITRATION AWARD**<br><br>**[Motion filed on July 11, 2011]** |

　　　Before the Court is a Motion to Confirm Arbitration Award ("Motion") filed by Plaintiff Wells Fargo Advisors, LLC ("Plaintiff").  The Court finds the matter appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers in support of the Motion,[1] the Court GRANTS Plaintiff's Motion.

---

[1]　Defendant Michael Lopez did not file an opposition to Plaintiff's Motion.

## I.  BACKGROUND

On October 12, 2007, Defendant Michael Lopez entered into a promissory note ("the Note") with Plaintiff for $102,963.00.  (Ex. 2.)  Under the Note, if Defendant's employment with Plaintiff ended, the remaining balance of the Note would be due and payable immediately at Plaintiff's option.  (Id. at 1.)  The Note also contains an arbitration provision ("Arbitration Provision") that states:

> [Defendant] agree[s] that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the arbitration facility of the National Association of Securities Dealers to the exclusion of all others. [Defendant] agree[s] that arbitration shall be [the] exclusive remedy and that the results of such arbitration shall be final and binding upon [Defendant].  Judgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent jurisdiction.

(Id. at 2.)

On March 31, 2009, Defendant's employment with Plaintiff ended.

On October 6, 2009, Plaintiff filed a "Statement of Claim in Arbitration" against Defendant ("the Arbitration") with the Financial Industry Regulatory Authority ("FINRA"), Wachovia Securities, LLC v. Michael W. Lopez, FINRA Case No. 09-05774. (Ex. 4.)  After Defendant failed to file a responsive pleading in the

Arbitration, Plaintiff moved for a default award.  (Ex. 5.)

On July 14, 2010, the arbitrator issued an award in Plaintiff's favor ("Arbitration Award"), requiring Defendant pay:
1.  $106,655.50 in compensatory damages for the Note and overpayment of commissions;
2.  interest at the rate of 8.5% per annum from March 31, 2009, until the award is paid in full on the amount of $91,830.86;
3.  interest at the rate of 7.00% per annum from March 31, 2009, until the award is paid in full on the amount of $14,824.64;
4.  $15,000.00 in attorneys' fees; and
5.  $1,425.00 in hearing session fees.

(Ex. 1.)

On July 11, 2011, Plaintiff filed this Motion seeking confirmation of the Arbitration Award.  (See Doc. No. 1) On August 16, 2011, Plaintiff filed a proof of service indicating that on August 2, 2011, Plaintiff served Defendant with all documents it had filed in the action, including this Motion.  (See Doc. No. 9.)  To date, Defendant has not filed an opposition to the Motion nor any other document with the Court.

**II. DISCUSSION**

Under 9 U.S.C. § 9, "the court <u>must</u> grant . . . an order [to confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9 (emphasis added); <u>Hall Street Assoc., LLC v. Mattel, Inc.</u>, 552 U.S. 576, 582, 587 (2008); <u>Lagstein v. Certain Underwriters at Lloyd's, London</u>, 607 F.3d 634, 640 (9th Cir. 2010) (confirmation is required unless the award is vacated or modified); <u>Bosack v. Soward</u>, 586 F.3d 1096, 1102 (9th Cir. 2009). The burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award. <u>U.S. Life Ins. v. Super. Nat. Ins. Co.</u>, 591 F.3d 1167, 1173 (9th Cir. 2010); <u>Emp'rs Ins. of Wausau v. Nat. Union Fire Ins. Co. of Pittsburgh</u>, 933 F.2d 1481, 1485 (9th Cir. 1991).

A federal court has power to confirm and enter judgment on an arbitration award where (1) independent federal jurisdiction exists and (2) the parties have so provided in their agreement. 9 U.S.C. § 9; <u>Carter v. Health Net of Cal., Inc.</u>, 374 F.3d 830, 834 (9th Cir. 2004) ("It is well-established that even when a petition is brought under the Federal Arbitration Act (FAA), a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction." (quoting <u>Southland Corp.</u>

4

1 v. Keating, 465 U.S. 1, 15 n.9 (1984)); Varley v.
2 Tarrytown Assocs., Inc., 477 F.2d 208, 210 (2nd Cir.
3 1973).
4
5     As to the former requirement, the Court has
6 independent federal jurisdiction over this action on the
7 basis of diversity jurisdiction.  Under 28 U.S.C. § 1332,
8 the Court may exercise jurisdiction over an action if the
9 parties are "citizens of different States" and "the
10 matter in controversy exceeds the sum or value of
11 $75,000, exclusive of interest and costs."  Here,
12 Plaintiff is a Delaware limited liability company with
13 its principal place of business in Missouri, and
14 Defendant is a citizen of California.
15
16     The Ninth Circuit has held that the measure of the
17 amount in controversy in arbitration award cases is "the
18 amount at stake in the underlying litigation, not the
19 amount of the arbitration award."  Theis Research, Inc.
20 v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005).  In
21 the underlying arbitration, Plaintiff sought damages
22 under the Note of $91,830.86 in principal amount, plus
23 interest at an annual percentage rate of 8.5% beginning
24 on March 31, 2009, and continuing until paid in full;
25 Plaintiff also sought $14,824.64, which reflected the
26 amount of commissions Plaintiff overpaid Defendant.
27 "[E]xclusive of interests and costs," the amount sought
28

in the Arbitration exceeded $75,000.00, satisfying the jurisdictional threshold for the amount in controversy. Accordingly, diversity jurisdiction over this action is proper as the parties are diverse and the amount in controversy exceeds $75,000.00.

As to the second requirement for confirming an arbitration award — that the parties agree a federal court has power to confirm and enter judgment on an arbitration award — most courts have held that the power to confirm the arbitration award need not be expressly conferred by the parties in the agreement.  Instead, a provision that the arbitrator's award shall be binding on the parties impliedly confers power on a court to enter judgment thereon.  See Milwaukee Typo. Union No. 23 v. Newspapers, Inc., 639 F.2d 386, 389 (7th Cir. 1981); Speciality Healthcare Mgmt., Inc. v. St. Mary Parish Hosp., 220 F.3d 650, 652 n.1 (5th Cir. 2000); Idea Nuova, Inc. v. GM Licensing Grp., Inc., 617 F.3d 177, 180-82 (2nd Cir. 2010).  But see PVI, Inc. v. Ratiopharm GmbH, 135 F.3d 1252, 1253-54 (8th Cir. 1998) (holding that an agreement for enforcement must be explicit).

Here, the Arbitration Provision provides that Defendant agrees "that arbitration shall be [the] exclusive remedy and that the results of such arbitration shall be final and binding upon [him]."  (Ex. 2 at 2.)

Thus, the parties have agreed that the arbitrator's award is final and binding, and, hence, that this Court may confirm the arbitration award. <u>Idea Nuova</u>, 617 F.3d at 180.

Accordingly, as Defendant has not sought to vacate, modify, or correct the Arbitration Award, and as both requirements for the Court to confirm the award are present, the Court GRANTS Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Confirm the Arbitration Award. The Court shall enter judgment in Plaintiff's favor in accordance with the Arbitration Award as follows:

1. $106,655.50 in compensatory damages for the Note and overpayment of commissions;
2. interest at the rate of 8.5% per annum from March 31, 2009, until the award is paid in full on the amount of $91,830.86;
3. interest at the rate of 7.00% per annum from March 31, 2009, until the award is paid in full on the amount of $14,824.64;

//
//
//

    4.   $15,000.00 in attorneys' fees; and

    5.   $1,425.00 in hearing session fees.

Dated: February 10, 201

                              VIRGINIA A. PHILLIPS
                              United States District Judge

8